IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK BENSON,

    Petitioner,                   No. CIV S-05-2022 GEB KJM P

    vs.

EDWARD S. ALAMEIDA, Jr., et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges the denial of parole on three grounds: (1) the decision to deny parole was not supported by any evidence; (2) the continued denial of parole as the result of the no parole policy violates his plea agreement; (3) the superior court denied him due process when it denied his state habeas petition in a one-line ruling, thus acting as a "rubber stamp."

        Respondent has moved to dismiss on three grounds: (1) petitioner did not specify which parole hearing he is challenging; (2) the California Supreme Court has rejected the claim of a "no parole policy"; (3) a state court error in its collateral review proceedings is not grounds for a federal habeas petition.

/////

I.  Specificity Of The Petition

Respondent claims that the petition lacks specificity because petitioner does not identify which parole denial he is challenging.  Motion To Dismiss (MTD) at 2.

A habeas petitioner must provide sufficient detail to allow a court to determine from the petition and any attachments whether the petition merits further review.  Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Although petitioner does not identify the date of the hearing in the body of his petition, the face sheet of his administrative appeal, attached as Exhibit A, identifies the hearing as that held on May 16, 2002.  This is sufficient.

II.  The No Parole Policy

Respondent argues that petitioner has presented no facts in support of his claim that the Parole Board follows a "no parole" policy."  Petitioner has alleged sufficient factual detail to permit the court to proceed with this claim.  See Mem. P. & A. In Supp. Pet. at 5-6.  Whether petitioner will be able to bear his burden of demonstrating the factual underpinnings of this claim is not before the court on the instant motion.

III.  The Superior Court As A Rubber Stamp

Respondent contends that this third ground does not present a claim cognizable on habeas relief.  This claim is well taken, as errors in state collateral proceedings do not provide a ground for federal habeas relief.  Jackson v. Duckworth, 112 F.3d 878, 879-80 (7th Cir. 1997).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted as to claim three of the petition but denied in all other respects.

/////
/////
/////
/////
/////
/////

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED:  December 19, 2006.

                                                           U.S. MAGISTRATE JUDGE

2
bens2022.157